Filed 3/29/22  P. v. Thompson CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE , Plaintiff and Respondent, v. ALLEN CORTEZ THOMPSON, Defendant and Appellant. | F083075 (Super. Ct. No. CF96571402) **OPINION** |

## THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

UnCommon Law and Alec Weiss for Defendant and Appellant.

Rob Bonta, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Galen N. Farris, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P. J., Poochigian, J. and DeSantos, J.

In this appeal, appellant Allen Cortez Thompson seeks the reversal of a trial court decision declining to recall his sentence pursuant to Penal Code[1] section 1170, subdivision (d).  Appellant wants the opportunity to present evidence to the trial court on the issue of his eligibility for a recall of his sentence.  The Attorney General does not oppose this request and believes appellant should be allowed to present evidence to the trial court.  Due to a very recent change in the law governing this matter, we reverse the trial court's decision refusing to recall appellant's sentence, and remand this matter for further proceedings.

**BACKGROUND**

In 1997, appellant pled nolo contendere to robbery in the second degree (§§ 211, 212.5, subd. (c)); kidnapping for the purpose of committing a robbery (§ 209, subd. (b) [Stats. 1990, ch. 55, § 3]);[2] willful discharge of a firearm (§ 246.3 [Stats. 1988, ch. 1275, § 1]); and for being a felon in possession of a firearm (former § 12021, subd. (a)(1) [Stats. 1995, ch. 178, § 1]).  After a prior serious felony (§ 667, subd. (a)) and a firearm use enhancement (§ 12022.5) were also applied, appellant received a sentence of 33 years to life.

On March 16, 2020, Ralph Diaz, then Secretary of the Department of Corrections and Rehabilitation (CDCR), sent a letter to the Fresno County Superior Court recommending appellant's sentence be recalled and he be resentenced pursuant to § 1170, subdivision (d).  On May 19, 2020, a letter was sent by Fresno County Superior Court Judge Gary Hoff, stating he declined to accept the recommendation to recall and resentence appellant, concluding the interests of justice would not be served by revisiting the original sentence.  Although the letter included a "cc" line followed by appellant's name, the clerk's certificate of mailing attached to the letter shows the letter was sent

---

[1] All further statutory references are to the Penal Code.

[2] Where relevant, citations to previous versions of the statutes have been provided.

2.

only to the CDCR and the Fresno County District Attorney. Appellant did not learn the request to recall his sentence had been denied until early August 2020. As a result, a notice of appeal was not filed within the normal statutory period following the trial court's decision not to recall his sentence.

Appellant thereafter filed a petition for writ of habeas corpus with this court asking for permission to file a belated notice of appeal to challenge the decision of the trial court. That petition was granted on June 17, 2021 (*In re Thompson* (F081912) [nonpub. order]). Appellant filed a timely notice of appeal on July 20, 2021.

## DISCUSSION

Until January 1, 2022, section 1170, subdivision (d)(1) provided in relevant part:

> "When a defendant subject to this section or subdivision (b) of Section 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may, within 120 days of the date of commitment on its own motion, or at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of state prison inmates, … recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence…." (Stats. 2018, ch. 1001, § 2.)

Recently, various District Courts of Appeal have contemplated whether certain constitutional protections are owed to individuals who, either on their own initiative, or because of recommendations from relevant authorities, seek to have their sentences recalled. (See *People v. Pillsbury* (2021) 69 Cal.App.5th 776; *People v. Williams* (2021) 65 Cal.App.5th 828; *People v. McCallum* (2020) 55 Cal.App.5th 202.) A significant change in the statutory framework addressing procedures for recalling a sentence now changes that discussion.

Specifically, the language quoted above is no longer part of section 1170. As of January 1, 2022, the language has been incorporated into the newly enacted

3.

section 1170.03, with additional language on how courts should proceed when a recommendation to recall a sentence is made. The language formerly part of section 1170, subdivision (d), is now found in section 1170.03, subdivision (a). However, additional language provides the trial court must state on the record the reasons for either granting or denying a request to recall a sentence, and resentencing "shall not be denied, nor a stipulation rejected, without a hearing," where the parties could address the trial court's intent to either deny resentencing or reject a stipulation. (§ 1170.03, subd. (a)(6–8).) Of particular significance here is the following new language:

> "If a resentencing request pursuant to subdivision (a) is from the Secretary of the Department of Corrections and Rehabilitation, the Board of Parole Hearings, a county correctional administrator, a district attorney, or the Attorney General, all of the following shall apply:

> "(1) The court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request. The court's order setting the conference shall also appoint counsel to represent the defendant.

> "(2) There shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1170.03, subd. (b).)

When enacting section 1170.03, the Legislature stated its intent that trial courts give deference to recommendations coming from the CDCR since that entity has already given "scrutiny" to the issue before making the recommendation. As a result, trial courts should "ensure that each referral be granted the court's consideration by setting an initial status conference, recalling the sentence, and providing the opportunity for resentencing for every felony conviction referred by one of these entities." (Stats. 2021, ch. 719, § 1(h).) The Legislature further stated this process should be made available, "regardless of the date of the offense or conviction." (*Id*. at § 1(i).)

Because section 1170.03 addresses the availability of a hearing and the appointment of counsel when a sentence is recalled following a recommendation from the

4.

Secretary of the CDCR, we will not address whether appellant's constitutional due process rights were violated here. The decision of the trial court is reversed and this matter is remanded for further proceedings consistent with section 1170.03.

## **DISPOSITION**

The trial court's decision not to recall appellant's sentence is reversed. This matter is remanded to the trial court for further proceedings consistent with section 1170.03. If appellant is resentenced following those proceedings, the court shall forward new abstracts of judgment to the appropriate authorities.